COMPLAINT UNDER 42 USC §1983, CIVIL RIGHTS ACT-TDCJ-ID (Rev. 7/97)

IN THE UNITED STATES DISTRICT COURT
FOR THE <u>SOUTHERN</u> DISTRICT OF TEXAS
<u>HOUSTON</u> DIVISION

United States District Court
Southern District of Texas
FILED
JAN 28 2000
Michael N. Milby, Clerk

<u>Mitchell Pitre # 593925</u>
Plaintiff's name and ID Number

<u>William G. McConnell.</u>
Place of Confinement

CASE NO. <u>C-00-039</u>
(Clerk will assign the number)

v.

<u>Thomas Prasifka,</u>
Defendant's name and address

<u>Kimbley A. Bremer.</u>
Defendant

<u>Oralia Garcia.</u>
Defendant's name and address

<u>Aurelio Ambriz.</u>
Defendant's name and address
( DO NOT USE "ET AL.")

I. **PREVIOUS LAWSUITS:**

A. Have you filed *any* other lawsuits in state or federal court relating to your imprisonment?  ✓ YES ___ NO

B. If your answer to "A" is "yes," describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)

  1. Approximate date of filing lawsuit: _____
  2. Parties to previous lawsuit:
     Plaintiff(s) <u>Mitchell Pitre.</u>
     Defendant(s) <u>Erasmo E. Bravo, and J. Reynolds.</u>
  3. Court (If federal, name the district; if state, name the county) <u>Western.</u>
  4. Docket Number: <u>5:96 CV.679.</u>
  5. Name of judge to whom case was assigned: <u>John W. Primomo.</u>
  6. Disposition: (Was the case dismissed, appealed, still pending?)
     <u>The case was settled out of Court.</u>
  7. Approximate date of disposition: <u>August, 1998.</u>

ATC1983 (Rev.04/98)           2

Mitchell Pitre vs. Charles James, and Timothy Skeide. # 4:97-CV-00926. Southern District Court. Use of excessive force. I lost the case at jury trial.

Mitchell Pitre vs. Luther Charles Raster, Phillip Jones, Hollis Bradshaw. # G-95-409. Southern District Court. Deliberate Indifference. The case was dismissed on 02-10-97.

Mitchell Pitre vs. Scott Sprowls, and S. Berry. # 1:97-CV-187-C. Northern District Court. Use of excessive force. I lost the case at trial. Date of disposition is unknown.

Mitchell Pitre vs. Ronnie Gatewood, and Harold Garrow. # 6:93-CV-328. Eastern District Court. Use of excessive force. I lost the case at trial on 06-22-95.

Mitchell Pitre vs. Douglas Price, Ruben C. Delgado, and Carl Landrum. # 5:96-CV-1178. Western District Court. Deliberate Indifference. The case was ~~the~~ Voluntary dismissed on 10-09-96.

Mitchell Pitre vs. Wayne Scott, Shannon Clover, and B. Hanna, # G-96-151. Southern District Court. Useing food as a punishment. The case was dismissed for lack of prosecution, disposition date unknown.

II. PLACE OF PRESENT CONFINEMENT: William G. McConnell unit.

III. EXHAUSTION OF GRIEVANCE PROCEDURES:

Have you exhausted both steps of the grievance procedure in this institution?  ✓ YES  ___ NO

Attach a copy of the Step 2 grievance with the response supplied by the prison system.

IV. PARTIES TO THIS SUIT:

A. Name and address of plaintiff: Mitchell Pitre # 593925. William G. McConnell unit, 3001, South Emily Dr., Beeville, Texas 78102.

B. Full name of each defendant, his official position, his place of employment, and his full <u>mailing</u> address.

Defendant #1: Thomas Prasiska, Unit Head Warden, William G. McConnell unit. 3001 South Emily Dr., Beeville, Texas 78102.
Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Defendant #2 Oralia Garcia, Supervising Lieutenant, William G. McConnell unit. 3001 South Emily Dr., Beeville, Texas 78102.
Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Defendant #3: Aurelio Ambriz, Supervising Lieutenant, William G. McConnell unit. 3001 South Emily Dr., Beeville, Texas 78102.
Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Defendant #4: Kimbley A. Bremer, Supervising Lieutenant, William G. McConnell unit, 3001 South Emily Dr., Beeville, Texas 78102.
Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Defendant #5: _____
Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

V. STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how <u>each</u> defendant is involved. <u>You need not give any legal arguments or cite any cases or statutes.</u> If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember that the complaint must be stated briefly and concisely. IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

The nature of this action is based on race and sexual discrimination, and physical and mental abuse. Defendant's application of

ATC1983 (Rev.04/98)                3

their Board policy (BP.02.43) is an equal employment based distinction that was brought into effect after the Court order in the K. Coble vs. Texas Department of Correction, 568 F. Supp. 410 (D.C. Tex. 1983.) and the defendant's are not following and practicing their policy and the lawful order's that was given to them by the Court only because of plaintiff status and race, and only those similarly situated, for the purpose to physically and mentally mistreat and abuse them denying our legal right's secured under the State Constitution

VI. **RELIEF:**

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

This is an action for declaratory judgement and injunctive relief as well as damages.

VII. **BACKGROUND INFORMATION:**

A. State, in complete form, all names you have ever used or been known by including any and all aliases: Mitchell Pitre

B. List all TDCJ-ID identification numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you, if known to you.
#593925

VIII. **SANCTIONS:**

A. Have you been sanctioned by any court as a result of any lawsuit you have filed?   ✓ YES   ___ NO

B. If your answer is "yes", give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

   1. Court that imposed sanctions (if federal, give the district and division): Western, San Antonio
   2. Case Number: SA-96-CA-034.
   3. Approximate date sanctions were imposed: 1/22/96.
   4. Have the sanctions been lifted or otherwise satisfied? ✓ YES ___ NO

C. Has any court ever warned or notified you that sanctions could be imposed? ✓ YES ___ NO

D. If your answer is "yes", give the following information for every lawsuit in which warning was imposed. (If more than one, use another piece of paper and answer

Statement of Claim Continue P.1.

accordingly, such action's is impermisable discrimination which contravenes the Texas Equal Right's Amendment a worthy cause of action. See Henderson v. Wielziloski, 841 S.W. 2d 101.

Defendant's are applying the statute unconstitutionally because they do not administer it in such a way as to treat similarly situated person's equally under the statutory classification, and that's Black level 3 inmate's, and also their Female officer's. See Whitworth v. Bynum, 699 S.W. 2d 194-97. this violates article I, section 3 a guarantee of equality of right's. and oppressive treatment also severe mental anguish, emotional distress.

I'm bringing this suit upon each of these defendant's under their individual official capacity for violation's of my eighth 8th amendment right's to the United States Constitution and the Texas Constitution, by virtue of harassment and mistreatment by subjecting me and the rest of the F-pod inmate's to sexual and race discrimination while action under the color of state law., by refusing to properly rotate their Female staff security member's to work F-pod just as they rotate them to work A, B, C, D, and E-pod's which are also administrative segregation Pod's that house segregation inmate's. but the difference between F-pod and the rest of the other Pod's is that F-pod is full of Black inmate's and the other pod's is full of Mexican and White inmate's, and so the defendant's feel the need to opress the F-pod inmate's by constantly and repeatedly assigning and rotateing their trouble making male security staff only to F-pod to harass and provoke the inmate's into disorderly conduct so that the defendant's would have justification to mentally and physically abuse the F-pod inmate's by placing us on lockdown status, shooting chemical irritant's on us, refusing us our oppurtunity to daily shower's, recreation, and many times our meal's, and they have placed an lable on the F-pod inmate's as being disorderly hoodlum's, and a threat to female security staff member's, out right assassinating my character, which is also an criminal offense, when infact they are the hoodlum's that's harassing and provoking the F-pod inmate's to act disorderly, all because of the color of our skin and our status.

I spoke to defendant Garcia, and asked her why was she not rotateing and assigning her female security staff to work F-pod just as she rotate and assign them to work A, B, C, D, and E-pod's and she told me that the reason she do not and will not assign her female officer's to

Statement of Claim Continue P.2.

F-pod is because she have an vendetta with the F-pod inmate's., I then cited Court order's and TDCJ policy to her and she then changed up her reason's for not rotateing and assigning her female staff to F-pod, she then told me that her female staff did not have the training to work F-Pod. that was a lie, due to the fact that all security officer's, male and female receive the same training to be officer's here in T.DCJ. So female officer's have the same capabilities and abilities to work anywhere in this institution just as any male officer., defendant Garcia, is a supervising lieutenant over sergeant's and Correctional officer's.

I spoke to defendant Bremer, and asked her why was she not following Court order's and TDCJ policy by rotateing and assigning her female officer's to work F-pod. and she told me that part of F-pod was on lockdown and that it was to dangerous for her female officer's to work F-pod. that raise another area of interest, if an officer, male or female don't have the proper training to uphold security in any area of this institution they are not suppose to be here as security officer's, because anytime they can not uphold security they fail to do their job because security is their job, and any officer who do not have the proper training in security is infact a breach of security. defendant Bremer, is a supervising lieutenant over sergeant's and Correctional officer's.

In all actuality female's officer's had little to no problem's when they was being rotated and assigned to work F-pod, because they would come to the pod and do their job and that's it, and when they was working F-pod it hardly ever had any serious problem's, for the exception of two incident's that I can recall that both occured on defendant Ambriz, shift, he conspired with two of his female officer's by having them to come to the pod and start confusion with the Black inmate's on the pod so he would have so call justification's not to comply with Court order's and TDCJ policy and not assign any female officer's to work F-pod. the first incident is when he sent officer Maria C. Contreras, to F-pod and she came to the pod calling Black inmate's nigger's and monkey's, another time he sent officer Rita Gonzalez, to F-pod and she did the same thing, she come to the pod flat out calling Black inmate's nigger's and monkey's, now defendant Ambriz, do not rotate and assign any of his female officer's to work F-pod. just as he rotate and assign them to work the other Pod's on 12-building administrative Segregation where the Mexican and White inmate's are housed.

I filed grievance's upon this matter and the grievance Coordinator

Statement of Claim Continue P.3.

refused to process or investigate my complaint and sent the grievance back to me, I filed a step two grievance and attached it to the step one and sent it in, again the grievance Coordinator refused to process the step two and send it to the Regional Director like he was suppose to, instead he sent both grievance's back to me again. that's when I wrote defendant Prasifka, a personal letter and attached the grievance's to it, the letter was addressing his Official's misconduct by refusing to follow court order's and TDCJ policy, and also the misconduct of his grievance Coordinator refusing to carry out his assigned duties as an grievance investigator. defend Prasifka, did not take any corrective action nor any kind of action upon this matter as far as I know, I didn't hear anything from him regarding the problem's neither did I receive my grievance's back, but however I did make copies of them.

Defendant Prasifka, is the head warden on this William G. McConnell unit and he is ultimately responsible for the training and supervision of the Correctional staff under him, defendant Prasifka, was notifide of his officer's actions and he only conceded with such by refusing to investigate and correct the misconduct of his officer's.

These defendant's are in contempt of Court, and I will show how and punishable summary. It was held in Coble vs. Texas Dept. of Correction's, 568 F.Supp. 410 (D.C. Tex. 1983.) that there is no gender where female officer's can and cannot work in all male prison's; and that female officer's have the same official duties as male officer's, and do to their sex do not determine where they will work. by these defendant's refusing to employ and rotate their female officer's to work F-pod is infact a violation of Court order's, which is Contempt of Court.

Contempt of Court: "Any act which is calculated to embarrass, hinder or obstruct Court in administration of justice, or which is calculated to lessen it's authority or it's dignity !! Committed by a person who does any act in willful contravention of it's authority or dignity, or tending to impede or frustrate the administration of justice, or by one who being under court's authority as a party to a proceeding therein, willfully disobey's it's lawful orders or fail's to comply with an undertaking which he has been given !! see: McGill v. McGill, 3 Ohio App. 3d 455, 445 N.E. 2d 1163.

These defendant's action's is not being taken in good faith effort but involves the infliction of unnecessary and wanton suffering applied maliciously and sadistically for the very purpose of harassing and mistreating the F-pod inmate's.

Statement of Claim Continue P.4.

These defendant's action's has caused me a great deal of sever mental anguish and emotional distress, wanton suffering; they have been deliberate indifference to my eight 8th amendment and constitutional right's.

the same questions.)

1. Court that imposed warning (if federal, give the district and division): Western, San Antonio.
2. Case Number: SA-96-CA-034.
3. Approximate date warnings were imposed: 11/22/96.

Executed on: 01/05/2000
DATE

Mitchell Pitre
Mitchell Pitre
(Signature of plaintiff)

## PLAINTIFF'S DECLARATIONS

1. I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.

2. I understand if I am released or transferred, it is my responsibility to keep the Court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.

3. I understand that I must exhaust all available administrative remedies prior to filing this lawsuit.

4. I understand I am prohibited from bringing an *in forma pauperis* lawsuit if I have brought three or more civil actions in a Court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.

5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire $150 filing fee and costs assessed by the Court, which shall be deducted in accordance with the law from my inmate account by my custodian until the filing fee is paid.

Signed this  5th  day of  January , 2000.
            (Day)              (month)        (year)

Mitchell Pitre
Mitchell Pitre
(Signature of plaintiff)

WARNING: The Plaintiff is hereby advised any false or deliberately misleading information provided in response to the following questions will result in the imposition of sanctions. The sanctions the Court may impose include, but are not limited to monetary sanctions and/or the dismissal of this action with prejudice.

ATC1983 (Rev.04/98)                              5